UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JASON TSUHLARES                    CIVIL ACTION NO:

VERSUS                             JUDGE:

ADRIATIC MARINE, LLC               MAGISTRATE JUDGE:
AND BAILEY'S CATERING, LLC

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### SEAMAN'S COMPLAINT FOR DAMAGES

COMES NOW, Jason Tsuhlares, ("Tsuhlares"), complaining of Adriatic Marine, LLC ("Adriatic Marine") and Bailey's Catering, LLC ("Bailey's Catering") (hereinafter "Defendants") for cause of action, Tshuhlares would respectfully show and represent unto this Honorable Court, as follows:

### JURISDICTION

1.      This action is brought on the civil side of this Court under the Jones Act, 46 USC § 30104, et seq., and the General Maritime Law of the United States, and in the alternative, under 33 U.S.C. § 905(b). This is a case of admiralty and maritime jurisdiction, as will more fully appear below, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

### VENUE

2.      Venue is proper in the Eastern District because the Defendants are, and have been doing business in this judicial

district.

## PLAINTIFF

3.   Tsuhlares, age 40, is a person of the full age of majority and a resident of Kennesaw, Georgia, domiciled at 4766 Stable Run Courts, Kennesaw, Georgia 30144.


## DEFENDANTS

4.   Adriatic Marine is thought to be a Louisiana limited Liability company, organized and existing by virtue of the laws of the State of Louisiana, having its principal place of business in Raceland, Louisiana, and it may be cited to appear and answer herein by serving its registered agent for service of process; namely, Charles Faucheux, 201 Raceland Street, Raceland, Louisiana 70394.

5.   Bailey's Catering, LLC is thought to be a Louisiana limited liability company, organized and existing by virtue of the laws of the State of Louisiana, having its principal place of business in Lafayette, Louisiana, and it may be cited to appear and answer herein by servings its registered agent for service of process; namely, Ema Haq, 3639 Ambassador Caffery Parkway, Ste. 408, Lafayette, Louisiana 70503.

## SEAMAN STATUS

6.    That, at all times relevant herein, Defendants owned, operated, managed and controlled the *OSV ARABIAN*.  The *OSV ARABIAN* is a offshore supply vessel 195 feet in length, 40 feet in breadth, as shown in Exhibit "A" below.



Exhibit "A"

7.    That, at all times relevant herein, Tsuhlares was the direct employee of Bailey's Catering and the borrowed servant, joint employee or sub-agent of Adriatic Marine.

8.    That, at all times relevant herein, Tshulares was assigned to work as a cook on, with and aboard the *OSV ARABIAN* and was earning, or had the capacity to earn, in excess of $45,000.00 per year, plus fringe benefits.

9.    That, at all times mentioned herein, Tshulares was assigned to and did perform at least thirty (30%) percent of his work as a cook on and aboard a fleet of vessels under common ownership and control including, but not limited to the *OSV ARABIAN*

and did contribute to the mission and purpose of the vessels to which he was assigned.

## NEGLIGENCE AND UNSEAWORTHINESS CLAIMS

10.  That, on or about Saturday, May 30, 2015, Tsuhlares, while in the course of his employment, and pursuant to orders, and was caused to suffer serious and permanent injuries to his body and mind when he was caused to fall down the wheel house stairway as the boat heaved in heavy seas.

11.  That, the injuries suffered by Tsuhlares were caused solely by reason of the legal fault, negligence, carelessness and omission of duty on the part of these Defendants and by reason of the unseaworthiness of the *OSV ARABIAN*, without any legal fault, negligence, carelessness or omission of duty on the party of Tsuhlares, causing or contributing in any way thereto.

12.  That, Defendants' legal fault, negligence, carelessness and omission of duty and the unseaworthiness of the *OSV ARABIAN*, consisted of the following non-exclusive acts and omissions:

- in failing to provide Tsuhlares with a safe place to work;

- in failing to instruct Tsuhlares concerning the safe conduct of the work then and there in progress;

- in failing to warn Tsuhlares concerning conditions in the work place which caused it to be unfit, unsafe, and unsuitable;

- in failing to take precautions to prevent, or for that matter, in failing to take any precautions to prevent the unfit, unsafe, and unsuitable work

conditions which then and there existed;

- in failing to adopt practices, policies, and procedures designed specifically to prevent the injuries and damage suffered by Tsuhlares;

- in failing to provide Tsuhlares with sufficient tools and equipment when and where the work was to be performed;

- in failing to conduct a proper, adequate and sufficient job site analysis, at the time of, and at the place where, the work to be performed;

- in failing to provide adequate, proper, and sufficient hazard prevention controls at the time of, and at the place where, the work was being performed;

- in failing to furnish Tsuhlares prompt, adequate and sufficient maintenance and cure, and

- any and all other acts of legal fault, negligence, carelessness, and omission of duty on the part of these Defendants that may be established during pretrial discovery or shown during the trial of this matter.

13. That, by reason of Defendants' negligence, as well as the unseaworthiness of *OSV ARABIAN*, Tsuhlares sustained serious and permanent injury to his body and limbs, including, among other things, injury to his lower back; that Tsuhlares' injury to his lower back was so significant that he required a lumbar anterior interbody fusion at L5-S1; that he has been incapacitated from his work and still prevented from pursuing his ordinary occupation and still and will continue to be incapacitated for sometime to come; that his ability to perform work has been and will be as a result of said injuries greatly lessened, diminished and affected; that his ability to engage in recreational activities, has been as a

result of said injuries, lessened, diminished and affected; that Tsuhlares is informed and believes that the injuries which he suffered as a result of the negligence of these Defendants and the unseaworthiness of the *OSV ARABIAN* are permanent and create a condition which seriously and permanently affects his general health and will cause disability and seriously interfere with his enjoyment of life; that he has required and may require in the future medical treatment as a result of said injuries and that Tsuhlares is informed and believes that he has been otherwise permanently injured and that he has become and remains seriously disabled.

14.   That, as a consequence of the foregoing, Tsuhlares has suffered, is suffering and will continue to suffer damages, including, without limitation, past and future physical and mental pain and suffering, past disability and permanent future disability, loss of wages, loss of earning capacity, loss of enjoyment of life and past and future medical expenses.

## MAINTENANCE AND CURE

15.   That, Tsuhlares re-alleges and re-avers Paragraphs 1 thru 14 above, as set forth hereinafter in extenso.

16.   That, Tsuhlares also brings this action for maintenance and cure, because he became sick and disabled while in the service of the *OSV ARABIAN*, and therefore claims that he is entitled to maintenance and cure for the period of his disability at the rate

of no less than $25.00/day.  Furthermore, these Defendants have acted arbitrarily and capriciously in their failure to provide Tsuhlares with prompt and proper maintenance and cure and, therefore, Tsuhlares is entitled to have punitive and/or exemplary damages assessed against these Defendants.  Tsuhlares is also entitled to an award of attorney's fees, because he has been required to retain the services of an attorney to file this lawsuit in order to assert his right to receive maintenance and cure. Finally, Tsuhlares claims compensatory damages, as a result of this incident, due to the failure of these Defendants to pay to him, or to pay on his behalf, prompt and adequate maintenance and cure.

## DAMAGES

17.  That, Tsuhlares re-alleges and re-avers Paragraphs 1 thru 16 above, as set forth hereinafter in extenso.

18.  In consequence, Tsuhlares is entitled to damages under the Jones Act and the general maritime law in the amount of FIVE MILLION TWO HUNDRED AND FIFTY THOUSAND ($5,250,000.00) DOLLARS as nearly as can be estimated.

WHEREFORE, Tsuhlares prays that Defendants be served with a copy of this, his, Seaman's Complaint for Damages and that they be duly cited to appear and answer herein; that after the lapse of all legal delays and due proceedings had, there be judgement in favor of Tsuhlares and against Adriatic Marine and Bailey's Catering in the full and true sum of FIVE MILLION TWO HUNDRED FIFTY THOUSAND

and NO/100 ($5,250,000.00) DOLLARS, together with legal interest from the date of incident until paid for all costs of these proceedings.

```
                    LAWRENCE N. CURTIS, LTD.
                    (A Professional Law Corporation)
                    300 Rue Beauregard, Bldg. C
                    Post Office Box 80247
                    Lafayette, Louisiana 70598-0247
                    Telephone: (337) 235-1825
                    Facsimile: (337) 237-0241
                    E-mail: larry@larrycurtis.com


                    BY:s/Lawrence N. Curtis
                       LAWRENCE N. CURTIS (4678)
```